```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

UNITED STATES OF AMERICA    : Criminal Indictment No.
                            :
     v.                     : 1:13-CR-074-3-JEC-ECS
                            :
JERRY B. MANNERY            :
                            :
                            :
```

### Order on Motion to Disclose Confidential Source

This matter is before the Court on the motion filed by Defendant Jerry B. Mannery, [Doc. 74], to require the government to reveal the identity of a particular confidential source identified as "babyboy." At the Pre-Trial Conference on July 31, 2013, the government indicated it would oppose the motion. The Court directed the government to visit the undersigned in chambers to discuss the motion, as prescribed under Roviaro v. United States, 353 U.S. 53 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

In Roviaro, the Supreme Court set forth a balancing test for determining when disclosure of confidential sources is required, holding that if disclosure is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause, however, the privilege must give way." Id. at 60-61. A number of courts however, both appellate and district, including this Court, have held that where the informant will testify at trial, the defendant has no right to

AO 72A
(Rev.8/82)

a prior disclosure of the informant's identity. See, e.g., United States v. Perkins, 994 F.2d 1184, 1190-91 (6th Cir. 1993); United States v. Foster, 815 F.2d 1200, 1202-03 (8th Cir. 1987); United States v. Pennick, 500 F.2d 184, 186-87 (10th Cir. 1974); United States v. Herrero, 114 F.3d 1181 (5th Cir.1997) (unpublished); U.S. v. Moore, 2010 WL 5092719 *4 (W.D.Ky. 2010); United States v. Brice, 2009 WL 2043554 (W.D. Ky. 2009); U.S. v. Gaines, 2009 WL 2849733 *4 (M.D.Tenn. 2009); United States v. Palfrey, 515 F. Supp.2d 120, 126-27 (D. D.C. 2007); United States v. Reid, 2007 WL 1452845 *2 (E.D. Mo. 2007); see also United States of America v. Pili Chen, 1:10-CR-209-2 TCB-ECS (N.D. Ga.)(Scofield, M.J., Order Denying Disclosure, September 3, 2010,[Doc. 33]).

In Foster, the Eighth Circuit held that, where the informant testified at trial against the defendant, the district court did not err in declining to permit an early disclosure of the informant's identity. Foster at 1203. In reaching its conclusion, the court found it "highly significant" that the informant testified at trial and was subjected to extensive cross-examination. Id.; see also United States v. Gullickson, 982 F.2d 1231, 1234 (8th Cir. 1993).

The undersigned has previously found and does again find the circuit courts' analyses and holdings in Perkins, Foster Pennick and Herrero to be persuasive. Roviaro was not

2

intended to create an exception to the general rule that the government need not provide defendant with a list of its witnesses until trial; rather, Roviaro is intended to ensure that a defendant will have access to an informant if such person will not be a witness but, nonetheless, is "relevant and helpful to the defense of the accused."

For the reasons set forth in Herrero, Perkins, Foster and Pennick, as well as the other district court decisions cited above, and absent extraordinary circumstances, where the government provides the defendant with an opportunity to cross-examine an informant at trial and complies with its obligations under Brady[1], Giglio[2], and Jencks[3], its obligations under Roviaro are generally met.

In this case, the government has advised the Court in camera that it intends to call the confidential informant as a witnesses at trial, and, therefore, is not required to disclose the identity of this witness at this time. Nevertheless, taking the totality of the circumstances into consideration, including the importance of this witness to the defendant, the undersigned concludes that early disclosure of

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[2] Giglio v. United States, 405 U.S. 150, 92 S.Ct.763, 31 L.Ed.2d 104 (1972).

[3] 18 U.S.C. § 3500

the identity of "babyboy" is appropriate. Accordingly, the government is **DIRECTED**, and has also agreed, to identify its confidential source, known as "babyboy", at least twenty-one(21)days prior to trial, and to provide early disclosure of Jencks to the Defendant. Defendant and his counsel may be required to sign an agreed protective order with regard to this witness that shall be drafted and submitted to the Court by the Assistant U.S. Attorney within ten days of this order.

This Order does not limit the government's ongoing duty to provide Defendants with Brady material as it may be related to any witness on a timely basis. See, e.g., High v. Head, 209 F.3d 1257, 1265 n.8 (11th Cir. 2000); United States v. Bueno-Sierra, 99 F.3d 375, 379 (11th Cir. 1996).  In addition, if the government determines, prior to twenty-one (21) days before trial, that it does *not* intend to call the confidential source designated to testify at trial, it must promptly thereafter and without delay provide the name, location, and contact information of the confidential source to Defendants' counsel, or promptly file a motion with the Court seeking a protective order through which any security or other issues may be addressed.

**IT IS SO ORDERED,** this 14th day of August, 2012.

*/s/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

4